*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

LARRY JAMES BAILEY,

        Defendant-Appellant.

UNPUBLISHED
July 22, 2026
1:46 PM

No. 375061
Wayne Circuit Court
LC No. 89-008926-01-FC

Before: MALDONADO, P.J., and RIORDAN and YOUNG, JJ.

PER CURIAM.

Defendant appeals as of right his sentences for one count of armed robbery, MCL 750.529, and five counts of assault with intent to murder (AWIM), MCL 750.83.[1] In November 1989, following a bench trial, the trial court sentenced defendant to serve life with the possibility of parole (parolable life) for both his armed-robbery conviction and his assault-with-intent-to-murder convictions.[2] However, defendant committed the sentencing offenses when he was 17 years old; therefore, pursuant to *People v Stovall*, 510 Mich 301, 322; 987 NW2d 85 (2022), the trial court resentenced defendant to serve 25 to 30 years' imprisonment for the armed-robbery conviction, and to serve 30 to 45 years' imprisonment for the assault-with-intent-to-murder convictions.[3] We remand this matter for the trial court to further articulate its reasoning for the departure sentences, or in its discretion, to resentence defendant.

---

[1] Defendant does not contest his sentence for his one count of possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227(b).

[2] These parolable life sentences were concurrent to each other and consecutive to the two-year felony-firearm sentence.

[3] The two-year felony-firearm sentence remained unchanged.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On July 21, 1989, at approximately 10:30 p.m., a woman left choir rehearsal, put her 8- and 12-year-old sons in the car, and began chatting with another choir member. While the women were talking, they saw defendant and another juvenile approach the car with the two young boys. Defendant pulled out a gun and pointed it at the head of the 8-year-old boy. Defendant ordered the boys to get out of the car. Defendant, and the juvenile that was with him, got into the car and began to drive away. As they were driving away, defendant pointed his gun toward the women and boys, who were standing by a van containing two other young children, and fired five or six shots. No one was hit by the shots, but one of the shots hit the van. Shortly after defendant drove away, the police spotted defendant and the car and attempted to pull him over. There was a short vehicle pursuit followed by a short foot pursuit, and eventually defendant was arrested. Defendant was convicted of armed-robbery, five counts of AWIM, and felony-firearm. In November 1989, the trial court sentenced defendant to serve a parolable life sentence, consecutive to the mandatory 2 years' imprisonment for the felony-firearm conviction.

Defendant was eventually released on parole; however, while on parole defendant was found guilty of assault with intent to commit sexual penetration and second-degree sexual conduct (person under 13, defendant 17 years or older). In May 2017, defendant was sentenced to serve 11 years and 10 months' to 20 years' imprisonment for the convictions.

In April 2024, defendant motioned the trial court to be resentenced regarding his AWIM and armed-robbery convictions pursuant to *People v Stovall*, 510 Mich 301, 322; 987 NW2d 85 (2022). The prosecution agreed and defendant was resentenced. Both the prosecution and defendant agreed that the minimum sentencing guidelines range for the AWIM convictions was 120 to 300 months (10 to 25 years) and that the minimum sentencing guidelines range for the armed-robbery conviction was 96 to 240 months (8 to 20 years).[4]

Defense counsel argued that defendant should be sentenced within the guidelines because of his "horrific" childhood, struggles with substance abuse, and the fact that he was 17 years old at the time of the sentencing offenses. Further, since his incarceration, defendant had "acquired numerous certificates of accomplishments," and had demonstrated the "ability to become a successful member of society." The prosecution argued that the trial court should exceed the guidelines because the guidelines did not appropriately account for "the recklessness and the harm that was caused."

The trial court followed the prosecution's recommendation and sentenced defendant to serve 30 to 60 years' imprisonment for the AWIM convictions, and a concurrent term of 25 to 30 years' imprisonment for the armed-robbery conviction, both of which were consecutive to defendant's sentences for the 2017 convictions.

This appeal followed.

---

[4] Because the sentencing offenses occurred in 1989, the trial court relied on *Michigan Sentencing Guidelines* (Second Edition, 1988), the judicial sentencing guidelines that were in effect in 1989.

## II. STANDARD OF REVIEW

We review for reasonableness a trial court's upward departure from the minimum sentencing guidelines range. *People v Lockridge*, 498 Mich 358, 392; 870 NW2d 502 (2015), cert den sub nom *Michigan v Lockridge*, 577 US 1043 (2015). The reasonableness of a sentence is reviewed for abuse of discretion. *People v Walden*, 319 Mich App 344, 351; 901 NW2d 142 (2017). An abuse of discretion occurs when the sentence violates the principle of proportionality as stated in *Milbourn*.[5] *People v Steanhouse*, 500 Mich 453, 459-460; 902 NW2d 237 (2017). The principle of proportionality requires that sentences be "proportionate to the seriousness of the circumstances surrounding the offense and the offender." *Id.* at 460 (quotation marks and citation omitted). See also *Graham v Florida*, 560 US 48, 59; 130 S Ct 2011; 176 L Ed 2d 825 (2010). "Resentencing will be required when a sentence is determined to be unreasonable." *Lockridge*, 498 Mich at 392.

## III. ANALYSIS

Other than his general assertion that his sentences are disproportionate, defendant raises three distinct arguments on appeal related to the proportionality of his sentences: (1) that the trial court considered only one of the required *Snow* factors, (2) that the trial court failed to consider defendant's youth as a mitigating factor, and (3) that the trial court improperly relied on his felony convictions for offenses he committed while on parole for the sentencing offenses. For the reasons discussed, each of defendant's specific arguments fail. However, regarding defendant's general argument that his sentence was not proportionate, the trial court nonetheless violated the principles of proportionality warranting remand.

"[D]efendants may challenge the proportionality of any sentence on appeal and that sentence is to be reviewed for reasonableness." *People v Posey*, 512 Mich 317, 360; 1 NW3d 101 (2023) (opinion by BOLDEN, J.). Although sentencing guidelines are advisory only, they still must be considered and consulted by sentencing courts. *People v Dixon-Bey*, 321 Mich App 490, 530; 909 NW2d 458 (2017). See also *Steanhouse*, 500 Mich at 474-475; *Lockridge*, 498 Mich at 392. Nonetheless, sentencing courts may exercise their discretion and depart from an applicable guidelines range,[6] provided that the departure is reasonable. *Steanhouse*, 500 Mich at 473-477; *Lockridge*, 498 Mich at 391-392.

---

[5] *People v Milbourn*, 435 Mich 630; 461 NW2d 1 (1990), overruled in part by *People v Steanhouse*, 500 Mich 453, 460; 902 NW2d 327 (2017). The *Steanhouse* Court disavowed dicta that suggested that "there was a *presumption* of disproportionality when a sentence departed from the guidelines." *People v Dixon-Bey*, 321 Mich App 490, 531; 909 NW2d 458 (2017). Sentencing guidelines should still be considered by the courts. *Id.*

[6] The judicial guidelines in effect before January 1, 1999, govern the sentencing of the offenses on appeal because the sentencing offenses occurred in 1989. Administrative Order No. 1988-4, 430 Mich ci (1988) ("Until further order of the Court, every judge of the circuit court must thereafter

This Court has stated that "a sentence is reasonable under *Lockridge* if it adheres to the principle of proportionality set forth in *Milbourn*." *Walden*, 319 Mich App at 351. The key inquiry is "whether the sentence is proportionate to the seriousness of the matter, not whether it departs from or adheres to the guidelines' recommended range." *People v Milbourn*, 435 Mich 630, 661; 461 NW2d 1 (1990), overruled in part by *Steanhouse*, 500 Mich at 460.

A trial court abuses its discretion if it fails to "provide adequate reasons for the extent of the departure sentence imposed," *Steanhouse*, 500 Mich at 476, and if it fails to articulate "why the sentence imposed is more proportionate to the offense and the offender than a different sentence would have been," *Dixon-Bey*, 321 Mich App at 525 (quotation marks and citation omitted). See also *People v Smith*, 482 Mich 292, 304; 784 NW2d 284 (2008). When applying this principle, the trial court may consider several factors including:

> (1) the seriousness of the offense; (2) factors that were inadequately considered by the guidelines; and (3) factors not considered by the guidelines, such as the relationship between the victim and the aggressor, the defendant's misconduct while in custody, the defendant's expressions of remorse, and the defendant's potential for rehabilitation. [*Walden*, 319 Mich App at 352-353 (quotation marks and citation omitted).]

In addition, "conduct beyond the sentencing offense can be considered for purposes of departing from the guidelines." *People v McGraw*, 484 Mich 120, 130 n 30; 771 NW2d 655 (2009).

In this case, at resentencing, the trial court sentenced defendant to serve 30 to 45 years' imprisonment for the AWIM convictions, and a concurrent term of 25 to 30 years' imprisonment for the armed-robbery conviction, an upward departure from the recommended maximum minimum sentences for both offenses of 5 years. See *Michigan Sentencing Guidelines* (Second Edition, 1988). The trial court relied on the following to justify defendant's departure sentences: (1) that defendant chose "to destroy somebody else's life" after he was paroled in 2012, (2) that defendant continued to test positive for narcotics while on parole, and (3) that defendant had not demonstrated that he "made good choices."

## A.  CONSIDERATION OF *SNOW* FACTORS AND DEFENDANT'S YOUTH

Consistent with the United States Supreme Court's well-established principle that "youth matters in sentencing," *Jones v Mississippi*, 593 US 98, 105; 141 S Ct 1307; 209 L Ed 2d 390 (2021), our Supreme Court has held that "consideration of youth and its attendant circumstances is also required by this state's sentencing jurisprudence." *People v Boykin*, 510 Mich 171, 188; 987 NW2d 58 (2022). Therefore, when a sentencing court imposes a term-of-years sentence on a juvenile defendant, it must consider the offender's youth and treat it as a mitigating factor. *Id*.

---

use the second edition of the sentencing guidelines when imposing a sentence for an offense that is included in the guidelines."). See also MCL 769.34(1).

at 189.  To properly consider an offender's youth, a sentencing court must consider several factors, including:

> (1) chronological age and immaturity, impetuosity, and the failure to appreciate risks and consequences; (2) the offender's family and home environment; (3) circumstances of the offense, including the extent of participation in the criminal conduct and the effect of familial and peer pressures; (4) the effect of the offender's youth on the criminal-justice process, such as the offender's inability to comprehend a plea bargain; and (5) the possibility of rehabilitation.  [*People v Parks*, 510 Mich 225, 238; 987 NW2d 161 (2022).]

"[T]hese factors have become known as the '*Miller*[7] factors.' "  *Id*.

Our Supreme Court has clarified that, "[t]he requirement to consider youth at sentencing is not necessarily the same as the requirement to articulate the *Miller* factors on the record during a sentencing hearing."  *Boykin*, 510 Mich at 190.  "[T]here is no authority that imposes a higher standard of articulation regarding youth beyond our general requirement that a trial court must adequately explain its sentence on the record in order to facilitate appellate review."  *Id*. at 194.  In other words, although "trial courts must consider a juvenile defendant's youth to be a mitigating factor when sentencing them to a term-of-years sentences under MCL 769.25 or MCL 769.25a," trial courts are not required to "articulate on the record how a defendant's youth affected the decision."  *Id*. at 178.

In addition to an offender's youth, a trial court must also consider the four *Snow* factors in arriving at a proportionate sentence.  See *People v Snow*, 386 Mich 586, 592; 194 NW2d 314 (1972).  The *Snow* factors are as follows: "(a) reformation of the offender, (b) protection of society, (c) disciplining of the wrongdoer, and (d) deterrence of others from committing like offenses."  *Id*.  "[Y]outh will inevitably factor into *Snow*'s four considerations."  *People v Copeland*, 350 Mich App 577, 585; 34 NW3d 9 (2024) (quotation marks and citation omitted).  "In practical terms, this means that courts should consider a defendant's youth as part of the 'four basic sentencing considerations' first identified in [*Snow*], which courts must always bear in mind before imposing a sentence."  *Id*. at 584, citing *Boykin*, 510 Mich at 188-189.

Defendant argues that his sentences were disproportionate because the trial court "considered only one of the *Snow* factors" and ignored mitigating evidence presented by defendant.  The "failure to note all four of the factors does not destroy the propriety of the trial court's sentencing rationale."  *People v Johnson*, 173 Mich App 706, 709; 434 NW2d 218 (1988).  See also *Copeland*, 350 Mich App at 585.  The record indicates that the trial court did explicitly address the "reformation of the offender" and "protection of society" factors.

Notably when considering the possibility for reform, the trial court was able to consider whether defendant had "actually demonstrated the capacity for reform" because defendant was being resentenced over 30 years after the sentencing offenses.  *Copeland*, 350 Mich App at 588.  In fact, the trial court explicitly noted that defendant had not demonstrated a capacity for reform

---

[7] *Miller v Alabama*, 567 US 460; 132 S Ct 2455; 183 L Ed 2d 407 (2012).

because he had been convicted of two additional felonies while on parole for the sentencing offenses and had continually tested positive for narcotics while on parole. This actual evidence also demonstrated whether defendant "had in fact changed and was no longer of a threat to society." *Id*.

Similarly, a trial court is not required "to expressly or explicitly consider mitigating factors at sentencing." *People v Bailey*, 330 Mich App 41, 63; 944 NW2d 370 (2019). Regardless, the record indicates that the trial court did consider the mitigating evidence, such as defendant's minimal prison disciplinary record and efforts to better himself while incarcerated. The trial court explicitly stated that it took the time to review defendant's sentencing memorandum, which highlighted this evidence, and defense counsel also brought attention to defendant's remorse, certificates, and prison disciplinary record at resentencing.

Defendant next argues that the trial court did not properly consider the mitigating aspects of defendant's youth. Again, "there are no magic words or phrases that a trial court must use to show that it adequately considered the mitigating qualities of youth within *Snow*'s sentencing criteria." *Copeland*, 350 Mich App at 587. The trial court is only required to "make a record demonstrating that the court considered the defendant's youth and treated it as a mitigating factor." *Id*. See also *Boykin*, 510 Mich at 193-194.

In the present case, the record reflects that the trial court considered the mitigating factor of defendant's youth. The trial court's discussion of how defendant's youth factored into its sentencing decision spanned multiple paragraphs. Notably, the trial court specifically discussed how defendant's "brain [had] not fully developed"; how defendant's childhood, family, and substance abuse influenced defendant's developing brain; and how defendant was "not the same person now that [he was] at 17." Further, the court explicitly stated that it was taking each of those factors into consideration. The trial court expressly considered that younger individuals have a different level of maturity, different thought patterns, and a different capacity to make decisions than older individuals and noted that if it were not for defendant's post-conviction record, it would have likely followed the defense's recommendation. Therefore, the trial court properly considered the mitigating factor of defendant's youth. See *Copeland*, 350 Mich App at 585.[8]

---

[8] Notably, an upward departure sentence does not mean that the trial court failed to consider youth as mitigating. The fact that a defendant was a juvenile does not guarantee that he will receive a within-guidelines sentence if the particular circumstances of the offenses and offender do not warrant it. See *Boykin*, 510 Mich at 193-194 (holding that a sentencing court is required to only *consider* youth); *Steanhouse*, 500 Mich at 472 (noting that sentences must be proportional to offense and offender). Although the sentencing court is required to consider youth as mitigating, it does not mandate a particular outcome.

In the present case, the trial court determined that the evidence of defendant's post-conviction behavior indicated that defendant had the opportunity to demonstrate rehabilitation since the sentencing offenses but was not rehabilitated. This evidence was not only specific to defendant but also directly contradicted the general scientific evidence that juveniles have greater potential for rehabilitation. Accordingly, the trial court properly considered defendant's youth and

B. CONSIDERATION OF DEFENDANT'S 2017 CONVICTIONS

Defendant also argues that the trial court improperly punished defendant for his 2017 convictions, for which he had already been sentenced.

Our Supreme Court has determined that "a defendant's conduct while on probation" may constitute an appropriate justification for departing from the applicable guidelines range. *People v Hendrick*, 472 Mich 555, 565; 697 NW2d 511 (2005). It is also well-established that when a defendant is released on parole, reincarcerated for a different offense, and then resentenced for the parole offenses, the trial court may consider the offense(s) committed while the defendant was paroled. E.g., *People v Brcic*, ___ Mich App ___, ___; ___ NW3d ___ (2026) (Docket Nos. 362727; 366230); slip op at 14. In addition, MCL 768.7b(1) specifically requires that the sentencing for felony offense(s) committed before the completion of a prior felony charge "shall run consecutively." Caselaw has also established that consecutive sentences that are permitted by our Legislature do not violate double jeopardy." *People v Smith*, 478 Mich 292, 316; 733 NW2d 351 (2007). See also *People v Williams*, 294 Mich App 461, 469; 811 NW2d 88 (2011).

Accordingly, neither the fact that the sentences were consecutive, nor the fact that the trial court considered defendant's other convictions violated double jeopardy.

C. PROPORTIONALITY

Lastly, we address defendant's argument that his sentences are disproportionate. The principle of proportionality "requires that every sentence be tailored to the individual defendant; the sentence imposed must be proportionate to the seriousness of the offense and the background of the offender." *Copeland*, 350 Mich App at 596. See also *Steanhouse*, 500 Mich at 472.

In the present case, the record indicates that the trial court determined that the sentencing offenses themselves did not warrant departure; instead, it was the evidence of defendant's lack of rehabilitation that did. As discussed earlier, it is well-settled that the trial court may consider the defendant's actions beyond the sentencing offense; accordingly, the evidence of defendant's 2017 convictions is an appropriate consideration. See *McGraw*, 484 Mich at 130 n 30. Further, it is well-settled that a defendant's extensive criminal history and likelihood to reoffend are appropriate considerations supporting a departure sentence. See *People v Odom*, 327 Mich App 297, 318; 933 NW2d 719 (2019). Our Supreme Court has also determined that "a defendant's conduct while on probation" may constitute an appropriate justification for departing from the applicable guidelines range. *Hendrick*, 472 Mich at 565.

In addition, protecting the public is an important function of the judicial system. See *People v Sabin (After Remand)*, 242 Mich App 656, 661; 620 NW2d 19 (2000) (stating that a trial court should tailor a sentence "to the circumstances of each case and each offender, in an effort to balance society's need for protection against its interest in rehabilitation of the offender"). Here, just a few years into his parole for the sentencing offenses, defendant committed and was convicted

---

treated it as mitigating but ultimately concluded, on the basis of actual available evidence of defendant's capacity for rehabilitation, that departure sentences were appropriate.

of assault with intent to commit sexual penetration and second-degree criminal sexual contact, involving a victim that was under the age of 13 years. In reference to these offenses, the trial court emphasized that defendant had "made a choice to destroy somebody else's life as a 40-year-old, 40 plus" and that fact caused the trial court concern. The trial court further opined that defendant's parole offenses demonstrated that he "has not learned that much in the time" that he had been incarcerated, indicating that if defendant was released earlier, it was likely that he would pose a danger to society. Accordingly, the trial court properly articulated how defendant posed a danger to society and demonstrated a lack of rehabilitative potential, justifying a departure sentence in general.

However, because the trial court imposed upward departing sentences, it had the additional requirement to justify the *extent* of the departure and explain how it was proportional to the offenses and offender. *Milbourn*, 435 Mich at 660. When a trial court departs from the minimum sentencing guidelines range, it cannot simply list the factors it relied on, it must also explain "why the sentence imposed is more proportionate to the offense[s] and the offender than a different sentence would have been." *Dixon-Bey*, 321 Mich App at 525. "Even where some departure appears to be appropriate, the extent of the departure (rather than the departure itself) may embody a violation of the principle of proportionality." *Milbourn*, 435 Mich at 660. See also *Brcic*, ___ Mich App at ___; slip op at 14. "[A] sentence cannot be upheld when the connection between the reasons given for departure and the extent of the departure is unclear." *Smith*, 482 Mich at 304.

Although there is no specific way in which the trial court should articulate its reasons for departure, our Supreme Court has explained that "[i]t is appropriate to justify the proportionality of a departure by comparing it against the sentencing grid and anchoring it in the sentencing guidelines." *Smith*, 482 Mich at 318. In the present case, the trial court did not discuss why the five-year departure was more proportional than the suggested guidelines range; instead; it simply adopted the prosecution's recommendation. The record also reveals no indication as to why five additional years adequately reflected the trial court's concern with defendant's potential for rehabilitation, the severity of the crime, etc. Further, there is no indication why the five-year departures were necessary to better embody the principle of proportionality than a sentence that exceeded the guidelines by less than five years. In other words, it is not clear why the trial court decided that a minimum sentence of 25 years and 30 years were warranted for each offense.

Accordingly, the trial court failed to adequately justify the extent of the imposed departure sentences. See *Dixon-Bey*, 321 Mich App at 525-526; *Smith*, 482 Mich at 318-319. As discussed, this articulation of the trial court's rationale on the record is necessary to ensure that defendant's sentence is proportional to both the offense and the offender, and to allow meaningful appellate review. *Steanhouse*, 500 Mich at 470. We cannot substitute our own judgment about why the departure was justified, and the sentences cannot be upheld "when the connection between the reasons given for departure and the extent of the departure is unclear." *Smith*, 482 Mich at 304.

In sum, although the trial court did not fail to consider defendant's youth or the *Snow* factors, it did fail to properly articulate why the *extent* of the departure was proportional to the offense and offender and therefore abused its discretion.

Accordingly, we remand for the trial court to further articulate its reasons for the departure sentence, or in its discretion, to resentence defendant. We do not retain jurisdiction.

/s/ Allie Greenleaf Maldonado
/s/ Michael J. Riordan
/s/ Adrienne N. Young